IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Estate of Mary Ann Yon Callaham, by Linda Foster and Charlie Yon, Personal Representatives of the Estate, Kimberly Callaham, Timothy Callaham, and Linda Foster,<br><br>    Plaintiffs,<br><br>vs.<br><br>United States of America,<br><br>    Defendant. | C/A No.: 3:12-cv-579-JFA<br><br><br><br><br><br><br><br>**ORDER** |

  This matter comes before the court pursuant to the Defendant's motion to dismiss (ECF No. 9), and the motions filed by the Plaintiffs in response (ECF Nos. 16, 17, & 20). The parties have briefed the issues, and the court also invited oral argument. For the reasons stated below, the court hereby grants the Defendant's motion to dismiss, and dismisses the complaint in the above captioned case without prejudice.

**I.     FACTUAL AND PROCEDURAL HISTORY**

  This case is a medical malpractice case arising from the death of Mary Ann Yon Callaham. The Plaintiffs, immediate family members of the decedent, filed a complaint in Richland County, and the defendant removed it to this court. The original defendant in the action was Sharon L. Aldrich, M.D., an employee of Eau Claire Cooperative Health Centers, Inc. (Eau Claire). The Complaint alleges causes of action for wrongful death, survival action, and the intentional torts of mental distress, slander and defamation, and

1

misrepresentation, stemming from Ms. Callaham's death following operations performed by Aldrich. Following removal, the U.S. Attorney certified, pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d), that Eau Claire was an entity receiving federal grant money from the U.S. under Title 42, and that Sharon Aldrich, M.D., was acting within her scope of employment as a physician with Eau Claire. Accordingly, the U.S. Attorney filed a motion to substitute the United States for the defendant Sharon Aldrich pursuant to the Federal Tort Claims Act (FTCA), which this court granted (ECF No. 7).

The U.S. subsequently moved this court to dismiss the Complaint on the grounds that the Plaintiffs had failed to exhaust their administrative remedies, a necessary jurisdictional prerequisite to maintain an action under the FTCA. *McNeil v. United States*, 508 U.S. 106, 113 (1993). The Plaintiffs have filed the necessary administrative claims, but the Department of Health and Human Services is reviewing the claims and has not yet ruled on them.[1] Accordingly, the U.S. argues that this court must dismiss the action because it does not possess jurisdiction.

Rather than respond directly to the Defendant's motion, Plaintiffs chose to file three different motions. Plaintiffs filed a motion to amend the complaint and dismiss the fourth and fifth causes of action (ECF No. 20), a motion to amend or correct this court's order granting the defendant's motion to substitute the U.S. as party defendant (ECF No. 17), and a motion to remand (ECF No. 16). Plaintiffs first ask this court to dismiss the causes of action based on negligence—the survival and wrongful death causes of action.

---

[1] Plaintiffs' counsel informs the court that potential statute of limitation issues already existed when the Plaintiffs first approached him.

They argue that the intentional acts—the remaining causes of action—occurred outside the scope of employment, and ask the court to amend the prior order and replace Sharon Aldrich as the defendant on the grounds that she is not covered by the FTCA. As a result, they ask the court to remand those three remaining causes of action to the state court.

## II.     LEGAL STANDARD

### a. Immunity and Substitution

The FTCA, as amended by the Federal Employee Liability Reform and Tort Compensation Act (FELRTCA), provides immunity for a federal employee for liability for her "negligent or wrongful act[s] or omission[s] . . . while acting within the scope of [her] office or employment." 28 U.S.C. § 2679(b)(1). When a federal employee is sued, the U.S. Attorney, acting on behalf of the Attorney General, must certify whether that employee was acting within the scope of her employment at the time of the alleged tortious act. 28 U.S.C. § 2679(d)(1). Following the certification, the United States is substituted as the sole defendant and all suits filed in state court are removed to federal court, and the FTCA becomes the plaintiff's sole route for recovery. "For many torts the United States has not waived its sovereign immunity through the Tort Claims Act and therefore, the plaintiff cannot recover from the federal government despite the merits of his or her claim." *Maron v. United States*, 126 F.3d 317, 321–22 (4th Cir. 1997) (citing 28 U.S.C. 2680(h); *Johnson v. Carter*, 983 F.2d 1316, 1323 n. 9 (dealing with defamation, for which the United States has not waived its sovereign immunity); *Brown v. Armstrong*, 949 F.2d 1007, 1012 (8th Cir. 1991) (stating that the United States cannot be sued for certain intentional torts)).

Under the FTCA, the determination regarding the scope of employment is made applying the relevant state law. *Ross v. Bryan*, 309 F.3d 830, 834 (4th Cir. 2002). In South Carolina, an act done for the purpose of benefitting the employer is considered within the scope of employment. *Crittendon v. Thompson-Walker, Co.*, 288 S.C. 112, 341 S.E.2d 385 (Ct. App. 1986). In *Maron*, the Fourth Circuit held that "the FELRTCA does not preclude substitution in cases of intentional torts, regardless of the governing state law." *Maron*, 126 F.3d at 326; *see also Aversa v. United States,* 99 F.3d 1200, 1209 (1st Cir. 1996) ("[A]n intentional tort excepted by section 2860(h)(from waiver of sovereign immunity) can be within the scope of employment if state respondeat superior law so requires.").

The certification by the Attorney General "shall conclusively establish the scope of employment for purposes of removal." 28 U.S.C. § 2679(d)(2); *see also Osborn v. Haley*, 549 U.S. 225, 227 (2007). The certification, however, is subject to judicial review. *Borneman v. United States*, 213 F.3d 819, 825 (4th Cir. 2000). The certification serves as prima facie evidence that the employee was acting within the scope of employment, *see Maron*, 126 at 321, and remains conclusive unless challenged, *Gutierrez de Martinez v. Drug Enforcement Administration*, 111 F.3d 1148, 1153 (4th Cir. 1997).

Following the certification, the burden shifts to the Plaintiff, who cannot rely on mere conclusory allegations and speculation, but must submit persuasive evidence— specific evidence or a forecast of specific evidence—that contradicts the certification. *Borneman*, 213 at 827 (outlining procedures for challenging the certification of scope of

4

employment). If the plaintiff presents persuasive evidence refuting the certification, the burden shifts back to the United States to provide evidence to support its assertion that the tort occurred within the scope of employment. *Id.* (citing Maron, 126 F.3d at 323). It is the task of "the district court to weigh the sufficiency of the evidence, to determine whether genuine issues of fact exist, and ultimately to resolve these factual issues." *Id.* However, "[o]nly if the district court concludes that there is a genuine question of fact material to the scope-of-employment issue should the federal employee be burdened with discovery and an evidentiary hearing." *Gutierrez*, 111 F.3d at 1155.

### b. *Exhaustion of Administration Remedies*

In order for a district court to have jurisdiction over an action arising under the FTCA, a plaintiff must first exhaust her administrative remedies. 28 U.S.C. § 2675(a); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993). The Fourth Circuit has noted that this requirement mandates that the claim must be denied the agency or a six month period must elapse prior to the filing of the suit. *Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990). If these requirements are not met, the court may not stay the action but must dismiss it. *Id.* (citing *Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981)).

### III. DISCUSSION

The court finds that there are no genuine issues of fact as to whether the alleged actions occurred within the scope of Dr. Aldrich's employment. The U.S. Attorney has included an affidavit of Dr. Aldrich in which she states that she was acting within the scope of her duties as a physician as authorized by her employer. (Declaration of Sharon L. Aldrich M.D., ¶ 9, ECF No. 25-2.). Plaintiffs argue that Aldrich intentionally falsified

5

reports in an effort to cover up her actions, and that her actions were therefore not within the scope of her employment. Plaintiffs, however, have not provided any persuasive evidence to buttress this assertion. While the court is aware that obtaining affidavits may be a difficult proposition in this case, it is bound by precedent and cannot allow the case to proceed absent some evidence. Plaintiffs' allegations alone are insufficient to bring the actions outside the scope of employment. *See Maron*, 126 F.3d at 327 ("Maron's unsubstantiated speculation about the ill will of his colleagues at N.I.H. is not enough, in and of itself, to transform acts which are facially within the scope of employment into acts that fall outside of that scope."). Because the court does not find any factual issues, the certification stands. As a result, the FTCA governs all of the claims asserted in this case and this court cannot remand any claims. Plaintiffs' motions to remand and to amend the text order are hereby denied.

While Plaintiffs directed the courts attention to *Gaines v. Palmetto Health Richland*, 3:07-cv-01456-JFA (D.S.C. June 6, 2011), that case is not applicable here. In *Gaines*, this court found that the FTCA applied to certain defendants and dismissed those defendants, but remanded the claims against another defendant, Palmetto Health Alliance. The court remanded those claims because the U.S. attorney had not moved for substitution as to that defendant. Here, the U.S. attorney moved for substitution as to the only defendant involved, and *Gaines* is therefore inapplicable. Additionally, the Plaintiffs argue that the facts must be construed in their favor on a motion to dismiss, but the Fourth Circuit has adopted specific procedures for challenging a certification, as outlined above, and Plaintiffs are now required to come forward with persuasive evidence

6

to challenge the certification.[2] Here, they have not done so, and the court finds that the certification stands.

Finally, because the FTCA governs the case, Plaintiffs must first exhaust their administrative remedies before this court may obtain jurisdiction. The Plaintiffs filed their administrative claim on or about February 6, 2012. The Defendant indicates that the claim has not been denied nor has the required six month period elapsed. Accordingly, the court is without subject matter jurisdiction, and must dismiss the complaint.

## IV. CONCLUSION

For the reasons discussed above, the court grants the Defendant's motion to dismiss (ECF No. 9), and dismisses the complaint in the above captioned case without prejudice. The Plaintiffs' motion to amend the text order (ECF No. 17) and motion to remand (ECF No. 16) are therefore denied, and Plaintiffs' motion to amend the complaint and dismiss the fourth and fifth causes of action (ECF No. 20) is dismissed as moot.

IT IS SO ORDERED.

May 21, 2012                                          Joseph F. Anderson, Jr.
Columbia, South Carolina                              United States District Judge

---

[2] For example, Plaintiffs rely on *Kerns v. United States*, 585 F.3d 187 (4th Cir. 2009), but that case did not involve a challenge to the U.S. attorneys certification regarding the scope of employment. Rather, in that case, the U.S. took the opposite position and was challenging the Plaintiff's contention that the act occurred within the scope of employment. The specialized procedure outlined above was not applicable.