IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Estate of Mary Ann Yon Callaham, by Linda Foster and Charlie Yon, Personal Representatives of the Estate, Kimberly Callaham and Timothy Callaham, Linda Foster,<br><br>Plaintiffs,<br><br>vs.<br><br>United States of America,<br><br>Defendant. | C/A No.: 3:12-cv-579-JFA<br><br><br><br><br><br>**ORDER** |

This matter comes before the court on plaintiffs' motion requesting the court to reconsider its order granting defendant's motion to dismiss. (ECF No. 29) The court has reviewed plaintiffs' motion and defendant's response, and for the reasons that follow, the motion is denied.

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., Moore's Federal Practice ¶ 59.30[4] (3d ed.). "Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (internal quotation omitted). "Mere disagreement [with a court's

ruling] does not support a Rule 59(e) motion." *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (internal citation omitted). The Fourth Circuit has held a motion to reconsider should be granted for only three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Plaintiff does not seek reconsideration on the basis of an intervening change in controlling law, or on account of new evidence, but requests reconsideration alleging clear error of law.

Plaintiffs' motion to reconsider seeks to relitigate matters previously decided by the court and appears to be based largely on their displeasure with the court's prior ruling. Accordingly, the motion is at odds with *Baker* and *Westinghouse* and is therefore inappropriate. For the foregoing reasons, plaintiffs' motion for reconsideration (ECF No. 31) is denied.

IT IS SO ORDERED.

July 5, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge